UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK AND VICKY RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>ONEWEST BANK FSB.; PIONEER LENDER TRUSTEE SERVICES, LLC; FEDERAL HOME LOAN MORTGAGE CORPORATION; and UNKNOWN INDIVIDUALS, TRUSTS, AND ENTITIES JOHN and/or JANE DOES, 1-100,<br><br>    Defendants. | Case No. 1:11-cv-00222-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it Defendants' Motion to Dismiss. (Dkt. 10.) In an earlier order (Dkt. 32), the Court granted Defendants' Motion with respect to all but one of Plaintiffs' claims for relief. The Court stayed consideration of that claim pending the Idaho Supreme Court's issuance of a decision addressing a dispositive issue of state law. That decision has now been released. *Trotter v. Bank of New York Mellon*, __ P.3d __, No. 38022-2010, 2012 WL 206004 (Idaho Jan. 25, 2012). With the benefit of the *Trotter* decision, the Court has determined that Defendants' Motion is suitable for disposition without oral argument or additional briefing. For the reasons explained below, the Court

will grant Defendants' Motion to Dismiss as it applies to Plaintiffs' remaining claim.

## ANALYSIS

Plantiffs Mark and Vicky Russell allege that Defendants foreclosed on their rental property and engaged in loan-modification negotiations in a fashion that violated various federal and state laws and constitutional provisions. Because the Court's previous order details the factual background and the pertinent legal standard, the Court will not repeat them here.

The Court's previous order dismissed all of Plaintiffs' federal claims and many of its state law claims for failure to state a claim upon which relief may be granted and/or as inadequately pled. The Court stayed consideration of a single state law claim: That remaining claim alleges that Defendant OneWest did not have the legal right to foreclose on Plaintiffs' home because it could not "produce the [Promissory] Note." (Compl. ¶ 17, Dkt. 1.) Plaintiff alleges that the Note is "held by bond investors in collateralized mortgage obligation securities held in a pool of notes," (*id.* ¶ 18), and that because OneWest never held the Note and Deed of Trust together, it never possessed "authority to foreclose," (*id.* ¶ 17). Plaintiff requests declaratory relief that the trustee's deed transferring title to the property to the buyer at the foreclosure sale is void. (*Id.* ¶ 55.)

Plaintiffs' claim is based on the legal theory that a trustee, in order to initiate foreclosure on a property, must first establish the substantive right to foreclose on the home in question by producing both the promissory note and the deed of trust. The Ninth Circuit has made clear that such claims are only viable if they allege a "violation of state

MEMORANDUM DECISION AND ORDER - 2

recording and foreclosure statutes." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). Whether Plaintiffs' claim is viable thus turns on the question of whether Idaho's non-judicial foreclosure statute, Idaho Code § 45-1502 *et seq.*, requires a trustee to produce the promissory note before availing itself of the procedure for non-judicial foreclosure.

In *Trotter*, the Idaho Supreme Court answered this question in the negative. Trotter challenged the validity of foreclosure proceedings on his home, asserting that the trustee lacked "standing" to initiate non-judicial foreclosure. *Trotter*, 2012 WL 206004 at *3. Trotter alleged that the defendant lacked standing because the sale of his promissory note to a securitized loan trust scrambled ownership of the promissory note so that there was no entity that possessed both the trust deed and note. *Id.* Because no entity could establish that it was the current owner of the note and the deed, Trotter argued that his loan obligation had been "liquidated" and he could not be in default. *Id.*

The Idaho Supreme Court unanimously rejected Trotter's arguments. It held that "nothing in the text of the [non-judicial foreclosure] statute can reasonably be read to require the trustee to prove it has 'standing' before foreclosing." *Id.* The court held that the only limit on a trustee's ability to foreclose is their compliance with the procedural requirements of the Idaho's non-judicial foreclosure statute. *Id.* ("[T]he Act sets forth *all of the requirements* to foreclose on a deed of trust." (emphasis added)). Thus, the court concluded that "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note or demonstrating that the

MEMORANDUM DECISION AND ORDER - 3

deed of trust beneficiary has requested or authorized the trustee to initiate those proceedings." *Id.* at *4.

The Idaho Supreme Court's authoritative interpretation of state law precludes Plaintiffs' remaining claim. After Plaintiffs defaulted on their loan, Defendant OneWest had no duty to "produce the Note," (Compl. ¶ 17), as a prerequisite to initiating foreclosure proceedings, *Trotter*, 2012 WL 206004 at *3. Idaho law required the Defendants only to comply with "the requirements of [Idaho Code] §§ 45–1505 and 45–1506" in order to lawfully foreclose on Plaintiffs' property. *Id.* at *4. And while the Complaint did allege various violations of I.C. § 45-1505 and 45-106, the Court previously dismissed those claims. Plaintiff's Complaint thus fails to state a claim upon which relief may be granted. Because no allegation of failure to possess or produce the Promissory Note would state a plausible claim after *Trotter*, this claim is dismissed with prejudice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (dismissal with prejudice appropriate where amendment is futile).

## CONCLUSION

In accordance with the analysis above, the Court will grant the Motion to Dismiss with respect to Plaintiffs' remaining cause of action titled "Securitization Separated the Deed of Trust from the Note." (Compl. ¶¶ 15-30.)

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Dkt. 10) is GRANTED with respect to

**MEMORANDUM DECISION AND ORDER - 4**

Plaintiffs' claim alleging that "Securitization Separated the Deed of Trust from the Note." (Compl. ¶¶ 15–30.) The claim is dismissed with prejudice.



DATED:  **February 10, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 5**